# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TORREN W. WYATT, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 11-CV-0062-CVE-FHM |
| | ) |
| **PATRICK R. DONAHOE,** | ) |
| **Postmaster General of the United States** | ) |
| **Postal Service,** | ) |
| | ) |
|       **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss (Dkt. # 6), to which no response has been filed. Plaintiff Torren W. Wyatt initially filed his petition in the District Court in and for Tulsa County, Oklahoma, on August 31, 2010. Dkt. # 2, at 1. In it, plaintiff alleges that he worked for the United States Post Office in Broken Arrow, Oklahoma, and that his petition was filed "due to the discriminations [sic] and all the harassments [sic] I received." Dkt. # 2-1, at 2. Plaintiff claims that he was injured in 1999 when a "heavy metal case" fell on him, resulting in "medical problems" on his part "backed up by medical documentatio[n]." Id. He alleges that discrimination and harassment against him has escalated to "assault by a Postmaster," and "needs to be stopped." Id. He requests $600,000 in damages, as well as full medical retirement, and claims that such relief would "include the settlement for EEO # 4G-730-0005-09 that was filed [F]eb[ruary] 12, 2009 and was never settled." Id.

Defendant Patrick R. Donahoe removed to this Court on January 26, 2011.[1] Dkt. # 2. He now asks the Court to dismiss plaintiff's petition. Dkt. # 6. In support, he argues first that the petition fails to state a claim upon which relief may be granted, because plaintiff has not alleged facts sufficient to give notice of the grounds on which his claims are based. Id. at 4. In the alternative, defendant argues that any state law claims by plaintiff are preempted by federal statute, and that plaintiff has failed to exhaust the requisite administrative remedies under those statutes. Id. at 5-7. Defendant also argues that plaintiff's complaint should be dismissed for failure to effect proper service upon the United States. Id. at 7-8.

Plaintiff's petition does not state specific claims for relief; instead, he states generally that he has been subject to discrimination, harassment, and assault in the workplace, presumably in connection with injuries he mentions in his petition. Pro se pleadings are construed liberally. Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). "[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010). As defendant notes, any complaints of discrimination and associated retaliatory conduct by plaintiff in connection with a disability have an exclusive remedy in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Pretlow v. Garrison, No. 10-6206, 2011 WL 989849, at * 2 (10th Cir. March 22, 2011). Moreover, "insofar as [plaintiff] asserts tort claims . . . the Federal Tort Claims Act (FTCA) provides the exclusive remedy" in actions

---

[1] Removal was proper under 28 U.S.C. § 1442(a), which states that "[a] civil action . . . commenced in a State court" against [the United States or any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending."

2

against federal employees. Id. at * 3. Those statutes preempt any state law claims based on identical conduct. The Court will therefore liberally construe plaintiff's allegations of discrimination, harassment, and assault to allege possible claims under Title VII or the FTCA.

Plaintiff's two-paragraph petition fails to meet the pleading standards set forth in the Federal Rules of Civil Procedure. To determine the futility of allowing plaintiff to amend those allegations to state a claim, however, the Court must address defendant's jurisdictional challenge based on plaintiff's failure to exhaust appropriate administrative remedies. In support of that argument, defendant attached a number of exhibits to his motion to dismiss. "When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits [and] other documents . . . to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment." Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003). Because exhaustion of administrative remedies is not an aspect of a substantive claim of discrimination, consideration of documents outside the pleadings is appropriate to resolve a jurisdictional challenge on a motion to dismiss. Id.

"A federal employee who wishes to sue for discrimination under Title VII . . . must first exhaust his administrative remedies." Atkins v. Kempthorne, 353 F. App'x 934, 936 (5th Cir. 2009)(unpublished).[2] In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

prerequisite to filing a Title VII action.³ Alcivar v. Wynne, 268 F. App'x 749, 753 (10th Cir. 2008)(unpublished).⁴ Because it is a jurisdictional requirement, "the district court must always dismiss if there has been a failure to exhaust." Id. (emphasis in original). "[A]n employment-discrimination plaintiff must 'plead and show' exhaustion." Pretlow, 2011 WL 989849, at * 3. Absent assertions or demonstrations of exhaustion in the pleadings, the complaint must be dismissed. Id.

Plaintiff's petition contains no mention of steps he took to exhaust his remedies. However, in his claim for damages, he does state that his request "would include the settlement for EEO # 4G-730-0005-09 that was filed [F]eb[ruary] 12, 2009 and was never settled." Dkt. # 2-1, at 2.

> Regulations promulgated by the Equal Employment Opportunity Commission (EEOC) establish the applicable administrative procedures that a federal employee must exhaust prior to filing suit. The EEOC regulations require that the aggrieved employee, inter alia, (1) consult with a counselor at the relevant agency's Equal Employment Office (EEO) within 45 days of the alleged discriminatory act, see 29 C.F.R. § 1614.105(a)(1), and, if the matter is not resolved after a mandatory counseling period, (2) file a formal written administrative complaint (EEO complaint) within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint (EEO notice), see id. § 1614.106(a), (b). The employee may then file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(a)-(b).

Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001). Based on the documents attached to defendant's motion to dismiss, it appears that plaintiff properly complied with the exhaustion

---

³ Although the Tenth Circuit has expressed uncertainty over the continued validity of the "characterization of exhaustion as a jurisdictional prerequisite," id., the Court is bound by prior determinations on this matter absent a determination by the Tenth Circuit to the contrary. Pretlow, 2011 WL 989849, at * 3 n.4.

⁴ Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

requirements. On February 2, 2009, evidently after consulting with a counselor at the United States Postal Service's EEO, plaintiff received an EEO Notice. Dkt. # 6, at 12. On February 10, 2009, plaintiff filed an EEO complaint, alleging retaliation and disability discrimination. Id. at 11. In support of his complaint, he alleged actions in the workplace that he viewed as retaliation for his medical condition, and claimed that those actions caused him stress and anxiety. Id. at 13. He claimed that he was harassed after taking leave from work for anxiety-related problems and other absences, and that his employers had retaliated against him by imposing a requirement that he call the Post Office one hour in advance of his shifts, and by harassing him with regard to his leave. Id. at 14-16. He concluded that his employers "have all come against me due to my medical condition, and have retaliated against me from the first EEO filed." Id. at 16. On August 31, 2010, more than 180 days after the filing of his EEO complaint, plaintiff filed his petition in state court. Dkt. # 2-1, at 2.

Defendant does not contest the propriety of the procedures followed by plaintiff. Instead, he argues that plaintiff has not properly exhausted the necessary administrative remedies because his EEO complaint was based on anxiety, whereas his petition was based on discrimination and harassment for a disability or medical condition. Dkt. # 6, at 6. Because "each discrete incident of [discriminatory or retaliatory] treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted," he claims that plaintiff has failed to exhaust any Title VII claim related to disability associated with the alleged 1999 injury. Id. (quoting Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003)). Defendant reads plaintiff's petition and EEO complaint unduly narrowly. "[A] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of

5

discrimination submitted to the EEOC." Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). Courts, however, "liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." Id. It is clear from the explanation attached to plaintiff's EEO complaint that he alleged that many of the behaviors by his employers that caused him anxiety were based on his need for accommodation of a prior injury. Id. at 13-16. Construing his allegations liberally, the Court finds that such a claim would have been well within the scope of the administrative investigation that could be reasonably expected to follow plaintiff's complaint. Therefore, the Court will not at this time dismiss any Title VII claim by plaintiff for failure to exhaust.

Plaintiff's complaint also fails to include any allegations with regard to exhaustion of claims under the FTCA. "[A]s a prerequisite to suit under the [FTCA,] . . . the claim [must] first be presented to the appropriate federal agency and be finally denied by the agency. This requirement is jurisdictional and cannot be waived." Koch v. Potter, 177 F. App'x 785, 786 n.1 (10th Cir. 2006)(unpublished)[5](emphasis in original)(quoting Three-M Enters., Inc. v. United States, 548 F.2d 293, 294 (10th Cir. 1977)). Any claim is barred unless it is presented to the appropriate agency within two years after such claim accrues, or unless action is begun within six months after the date of mailing of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b). Where a plaintiff fails to make the proper jurisdictional allegations in his complaint, however, the court may grant leave to amend to correct that omission. Koch, 177 F. App'x at 786

---

[5]     Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

n.1. Therefore, the Court finds that the more appropriate course would be to allow plaintiff to amend his FTCA claim rather than to dismiss it at this time.

The Court does not find dismissal based on failure to exhaust administrative remedies to be appropriate at this time. Even reading plaintiff's petition liberally, however, it fails to comply with the requirements of Fed. R. Civ. P. 8(a) that every pleading contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." As noted, it is unclear from the petition what claims plaintiff is bringing, or what arguments he is making regarding his entitlement to relief. Rather than dismiss plaintiff's complaint on that basis, the Court will permit plaintiff the opportunity to amend his complaint to more properly state his claims against defendant. In that amended complaint, he should give a clear statement of his claims, and must comply with the requirements of Fed. R. Civ. P. 12(b)(6) that his complaint state enough "facts to state a claim to relief that is plausible on its face" including factual allegations "enough to raise a right to relief above the speculative level." Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). He must also properly allege that he has exhausted the appropriate administrative remedies for those claims he chooses to pursue.

Defendant alleges that plaintiff has failed to effect proper service on the United States Postal Service. To serve a United States officer or employee acting in an official capacity, the party must deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought or send a copy of each by registered or certified mail to the civil-process clerk. F.R.C.P. 4(i)(1)(A). The plaintiff must also send a copy of each by registered or certified mail to the Attorney General of the United States and to the agency, corporation, officer, or

employee. Id. at 4(i)(1)(B), 4(i)(2). Defendant claims that plaintiff has failed to deliver a copy of the summons and complaint to the United States Attorney for the Northern District of Oklahoma and to the Attorney General of the United States. "Under Rule 4(m), if proper service of the summons and complaint is not made within 120 days after the filing of the complaint, the district court must nonetheless grant an 'appropriate' extension of time upon a showing by the plaintiff of 'good cause for the failure.'" Edwards v. Potter, 57 F. App'x 844, 845 (10th Cir. 2003)(unpublished).[6] "If the plaintiff fails to show good cause, the district court retains discretion either to: (1) dismiss the action without prejudice, or (2) direct that service be effected within a specific time." Id. Plaintiff is hereby directed to show good cause for his failure to effect proper service on defendant, or to effect proper service within fourteen (14) days of the date of this Opinion and Order.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 6) is **granted**, with leave to amend as stated below.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint, as described above, within fourteen (14) days of the date of this Opinion and Order. Should plaintiff fail to file an amended complaint within the time allotted, the Court will file a judgment of dismissal without prejudice.

**IT IS FURTHER ORDERED** that, if plaintiff files an amended complaint, he shall show good cause for his failure to effect proper service on defendant, or shall effect proper service within twenty-one (21) days of the date of this Opinion and Order. Should plaintiff fail to comply with that directive, the Court will file a judgment of dismissal without prejudice.

---

[6] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

**DATED** this 17th day of August, 2011.

⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT