UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TORREN W. WYATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0062-CVE-FHM |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| Postmaster General of the United States | ) | |
| Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court are defendant's Amended Motion to Dismiss[1] (Dkt. # 12) and Defendant's Motion to Strike Document and Brief in Support (Dkt. # 14). Plaintiff, who is proceeding pre se, initially filed this action in the District Court in and for Tulsa County, Oklahoma, on August 31, 2010. Dkt. # 2 at 1. Defendant removed the action on January 26, 2011. Id. Defendant moved to dismiss the petition based on failure to state a claim, failure to exhaust administrative remedies, and failure to effect proper service. Dkt. # 6. On August 17, 2011, the Court granted the motion, but permitted plaintiff to file an amended complaint within fourteen days. Dkt. # 10 at 8. Plaintiff filed an amended complaint on August 25, 2011. Dkt. # 11. Defendant now moves to dismiss the amended complaint based on failure to effect proper service, failure to state

---

[1] Defendant has titled his motion "Amended Motion to Dismiss," but the prior motion to dismiss was previously ruled on and is no longer pending. See Dkt. # 10. Defendant's motion is in fact a motion to dismiss the amended complaint, rather than an amendment of the defendant's prior motion.

a claim, and failure to exhaust administrative remedies. Dkt. # 12. Because plaintiff has failed to effect proper service on defendant, defendant's other arguments need not be addressed.

Before turning to the motion to dismiss, the Court examines defendant's motion to strike. Defendant filed his motion to dismiss the amended complaint on September 8, 2011. Dkt. # 12. Pursuant to the Local Civil Rules for the Northern District of Oklahoma, plaintiff's response to the motion was due on September 29, 2011. LCvR 7.2(e) ("Each party opposing a motion shall file with the Court Clerk and serve upon all other parties a response within twenty-one (21) days from the date the motion was filed."). Plaintiff did not file a response by that date. The local civil rules further provide that where a dispositive motion is unopposed, the Court may in its discretion "provide an additional fourteen (14) days, after which the case will be dismissed or the motion will be deemed confessed, as appropriate . . . ." LCvR 7.2(f). The Court did not exercise its discretion to enter such an order.

On October 19, 2011, plaintiff filed a four page handwritten document, which addresses arguments made in the defendant's motion to dismiss the amended complaint and provides further information on plaintiff's claims. Dkt. # 13. Defendant moves to strike this document as either an improper supplement to a pleading, an improper amended pleading, or an untimely response to the motion to dismiss. Dkt. # 14. Having reviewed plaintiff's submission, the Court finds that it contains responses to arguments in the motion to dismiss and appears to be an untimely response brief. Because the response was filed before the Court entered an "additional 14 day" order, the response will be considered insofar as it addresses failure to effect service.

In his motion to dismiss the amended complaint, defendant argues that this action must be dismissed because plaintiff has failed to effect proper service. In its prior Opinion and Order (Dkt.

# 10), this Court found that plaintiff had failed to serve the petition on the United States Attorney for the Northern District of Oklahoma and on the Attorney General of the United States. The Court stated that:

> To serve a United States officer or employee acting in an official capacity, the party must deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought or send a copy of each by registered or certified mail to the civil-process clerk. F.R.C.P. 4(i)(1)(A). The plaintiff must also send a copy of each by registered or certified mail to the Attorney General of the United States and to the agency, corporation, officer, or employee. Id. at 4(i)(1)(B), 4(i)(2). . . . 'Under Rule 4(m), if proper service of the summons and complaint is not made within 120 days after the filing of the complaint, the district court must nonetheless grant an "appropriate" extension of time upon a showing by the plaintiff of "good cause for the failure."' Edwards v. Potter, 57 F. App'x 844, 845 (10th Cir. 2003)(unpublished).

Dkt. # 10 at 7-8. Having found that plaintiff failed to serve the United States Attorney or the Attorney General, the Court granted plaintiff an appropriate extension of time to effectuate service or to show good cause for his failure. Plaintiff was directed to show good cause for his failure to effect proper service, or to effect proper service, within 14 days. Id. at 8. This Court also granted plaintiff leave to file an amended complaint, in which case, he was directed to show good cause for his failure to effect proper service, or effect proper service, within 21 days. The Court stated that "should plaintiff fail to comply with that directive, the Court will file a judgment of dismissal without prejudice." Id.

In the amended complaint, which was filed within the allotted 14 day period, plaintiff states that in an attempt to effect proper service, he:

> contacted the 1-800-ASK-USPS number but got knowhere [sic] with the people on the phone on were [sic] to send the summons, so I sent it to the EEO USPS Department were [sic] I filed the EEO Complaint on the USPS. They contacted me in a few days and told me over the

3

> phone they (EEO Dept.) would take care of the summons by sending it to the proper location . . . .

Dkt. # 11 at 1. Defendant informs the court that plaintiff did send a copy of the amended complaint to the United States Attorney for the Northern District of Oklahoma, which was received by that office on August 29, 2011. Dkt. # 12 at 2. Defendant concedes that, while plaintiff's purported explanation of good cause in his amended complaint could explain his lack of service on the agency, it does not allege good cause for plaintiff's continued failure to serve the Attorney General. Id. Plaintiff's response to the motion to dismiss does not address this failure. Dkt. # 13.

As noted in the previous Opinion and Order, under Rule 4(m), if proper service of the summons and complaint is not made within 120 days after the filing of the complaint, the district court must nonetheless grant an "appropriate" extension of time upon a showing by the plaintiff of "good cause for the failure." Fed. R. Civ. P. 4(m). Plaintiff has not provided good cause for his failure to serve the Attorney General. See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996) ("[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice."). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." Id. Plaintiff has not shown any effort to comply with the rule, let alone a meticulous effort, nor has he shown any effort to effect service on the Attorney General, even after this Court specifically instructed him to do so and warned that his claim would be dismissed if he did not. The fact that plaintiff is proceeding pro se does not change this analysis. See id.

Where a plaintiff fails to show good cause for his failure to effect service, "the district court retains discretion either to: (1) dismiss the action without prejudice, or (2) direct that service be

4

effected within a specified time." Edwards, 57 Fed. Appx. at 845.[2] Rule 4(i)(4) further provides that where there is a failure to serve a required party in an action governed by Rule 4(i)(2), and the plaintiff has at least served either the United States Attorney or the Attorney General of the United States, then "[t]he court must allow a party a reasonable time to cure its failure . . . ." Fed. R. Civ. P. 4(i)(4). In the present case, the plaintiff has already been directed to effect service within a specified time and he has failed to do so. Furthermore, plaintiff has had almost three months since this Court's Opinion and Order to cure the deficiencies in service, but has failed to do so. Not only has plaintiff been given a reasonable amount of time to cure these deficiencies, but he was also specifically instructed on how to cure them. Because plaintiff has failed to effect service in compliance with the Federal Rules of Civil Procedure, this case shall be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Document and Brief in Support (Dkt. # 14) is **denied**.

**IT IS FURTHER ORDERED** that defendant's Amended Motion to Dismiss (Dkt. # 12) is **granted**, and this case is hereby dismissed without prejudice.

**IT IS SO ORDERED** this 9th day of November, 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.